# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MALIK ALEEM, | ) |
|     Plaintiff | ) Civil Action No. _____ |
| v. | ) COMPLAINT AND |
| | ) JURY DEMAND |
| CENIKOR FOUNDATION, INC. and | ) |
| | ) COLLECTIVE ACTION |
|     Defendant. | ) |

Plaintiff MALIK ALEEM, through undersigned counsel, hereby alleges as follows:

## THE PARTIES

1. Malik Aleem is an individual of the full age of majority, and a resident and domiciliary of the State of Louisiana.

2. Defendant Cenikor Foundation, Inc. ("Cenikor") is a Texas entity licensed to do business in Louisiana and doing business in Louisiana. Its principal business establishment within this State is located at 2414 Bunker Hill Drive, Baton Rouge LA 70808.

## JURISDICTION AND VENUE

3. This Complaint is brought pursuant to the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331.

4. The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as the state law claims form part of the same case or controversy as the federal law claim.

5. Defendant regularly transacts business within this District and is subject to

personal jurisdiction here.

6. A substantial part of the claims or omissions alleged herein took place in this District. 28 U.S.C. § 1391(b).

7. Defendant is regularly engaged in commerce pursuant to 29 U.S.C. § 203(s).

8. Defendant's annual volume of sales made and business done has exceeded $500,000 at all relevant times.

## FACTUAL ALLEGATIONS

9. Cenikor bills itself as a rehabilitation center for individuals with substance abuse problems. In reality, it operates more like a temp service, where individual residents are assigned to work on outside jobs for third-party companies. However, all wages earned from those jobs go to Cenikor rather than the individual workers.

10. In 2016, Plaintiff Malik Aleem was offered a stark choice by a judge of the St. James Parish Criminal Court – either attend Cenikor's residential rehabilitation facility, or go to jail.

11. Aleem reported to the Cenikor facility in Baton Rouge, Louisiana, and worked for Cenikor from approximately October 2016 until December 2017 without receiving any pay whatsoever.

12. During this time period, Plaintiff worked at various third-party jobsites throughout the Baton Rouge area including Tony's Fish Fry, RB Electric, the LSU Student Cafeteria, AEC Electric, and the LSU Student Union.

13. Cenikor was responsible for making arrangements with these third-party companies, and any agreement between Cenikor and the third-party company was not shown to, or signed by, Plaintiff.

14. Cenikor assigned Plaintiff to work particular shifts at particular jobsites. As a

result, Cenikor controlled the location and duration of Plaintiff's work. Cenikor also controlled the rate of pay (which was zero).

15. Plaintiff was not permitted to find independent work, outside the scope of the Cenikor assignments.

16. At all relevant times, Cenikor qualified as an "employer" under the FLSA.

17. At all relevant times, Plaintiff was Cenikor's "employee" under the FLSA.

18. Plaintiff worked, on average, 40 hours per week, and sometimes worked overtime.

19. Plaintiff never received any portion of the wages which he earned. Instead, all monies were kept by Cenikor.

20. Cenikor also prevents individuals from obtaining jobs directly from the companies they are working for. If a company attempts to hire a Cenikor worker directly, Cenikor threatens to assess a fine based on an alleged contractual provision.

21. On average, roughly 150 individuals were in residence at the Cenikor Baton Rouge facility at any given time.

22. On information and belief, each of these individuals was required to work at third-party jobsites, and all or some of their wages were retained by Cenikor and not provided to the resident.

23. During the time which Plaintiff resided at the Cenikor facility, he was economically dependent on Cenikor.

24. Although the individuals may be assigned to work at different locations, for different companies, the underlying Cenikor policy is the same – residents are all required to work, but do not receive any of the pay they earn.

25. Cenikor also told residents to apply for benefits under the Supplemental Nutrition Assistance Program (SNAP), also known as food stamps. However, these monthly benefits

were not distributed to the residents. Instead, they were retained by Cenikor.

26. In or around December 2017, Plaintiff became eligible for what Cenikor calls the "re-entry" program. Under the re-entry program, residents are permitted to keep a portion of their wages earned, but are required to pay $350 in rent to Cenikor for rent and $80 per month for transportation costs, directly to Cenikor. Plaintiff participated in the re-entry program from approximately December 2017 through February 2018.

## FIRST CAUSE OF ACTION

## FAIR LABOR STANDARDS ACT

27. Plaintiff hereby realleges and reincorporates all previous paragraphs as if fully set forth herein.

28. The FLSA requires that employers pay nonexempt employees a minimum wage of at least $7.25 per hour, plus an overtime premium at a rate of at least one and one-half times their regular rate, for all hours over forty in a workweek.

29. Defendant has not paid Plaintiff any of the wages due to him, including minimum wage or overtime.

30. Defendant's nonpayment of minimum wage and overtime was willful and not based in a good faith belief that its conduct was in accordance with the law.

31. Defendant's failure to pay the residents the monies which they have earned while working is a common policy, practice or plan in violation of the FLSA.

32. Plaintiff hereby seeks certification of a collective pursuant to 29 U.S.C. § 216(b), consisting of:

> All individuals who resided at the Cenikor Foundation, Inc. facility in Baton Rouge, Louisiana, within the three years prior to the filing of this Complaint, and who were assigned by Cenikor to work at third-party facilities but whose earnings were kept, in whole or in part, by Cenikor.

33. Plaintiff and the members of the collective have been injured in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## LOUISIANA WAGE PAYMENT ACT

34. Plaintiff hereby realleges and reincorporates all previous paragraphs as if fully set forth herein.

35. Defendant failed to pay Plaintiff and the members of the collective all sums owed by the next regular pay date after the end of employment, as required by La. Rev. Stat. § 23:631.

36. Plaintiff has demanded payment of his wages from Defendant, but the wages have not been paid.

37. Defendant's actions violate the Louisiana Wage Payment Act, La. Rev. Stat. §§ 23:631-632, and Plaintiff is entitled to a penalty, along with reasonable attorneys' fees and costs, in accordance with that Act.

## THIRD CAUSE OF ACTION

## BREACH OF IMPLIED CONTRACT/QUANTUM MERUIT

38. Plaintiff hereby realleges and reincorporates all previous paragraphs as if fully set forth herein.

39. Defendants have not paid Plaintiff and the members of the collective all wages, earnings, and other monies due to them, and/or have made unlawful deductions from wages, earnings, and other monies due to Plaintiff and the members of the collective.

40. These monies were duly earned by or owed to Plaintiff and the members of the collective. Defendant's failure to pay for this labor has unjustly enriched Cenikor and

impoverished Plaintiff and the members of the collective.

41. There is no justification for Defendant's unlawful nonpayment of wages and deductions from wages, and Plaintiff has no other adequate remedy at law for Defendants' unlawful actions.

42. Defendant's unlawful actions have injured Plaintiff and the members of the collective in an amount to be proven at trial.

43. Plaintiff hereby requests a trial by jury.

**WHEREFORE**, Plaintiff respectfully prays for judgment as follows:

 a. For certification of this action as a collective;

 b. For an award of all unpaid wages, minimum wage, and overtime according to proof;

 c. For an award of liquidated damages pursuant to 29 U.S.C. § 216(b);

 d. For an award of reasonable attorney's fees;

 e. For costs of suit;

 f. For an award of penalties pursuant to La. Rev. Stat. § 23:632;

 g For injunctive and equitable relief as provided by law;

 h. For pre and post-judgment interest; and

 i. For such other and further relief as may be just and proper.

Respectfully Submitted,

_____/s Charles J. Stiegler_____
Charles J. Stiegler, #33456 (Lead Atty.)
STIEGLER LAW FIRM LLC
318 Harrison Ave., Suite 104
New Orleans, La. 70124
(504) 267-0777 (telephone)
(504) 513-3084 (fax)
Charles@StieglerLawFirm.com

and

Justin Chopin, # 31100
CHOPIN LAW FIRM LLC
650 Poydras St., Suite 1550
New Orleans, La. 70130
(504) 229-6681 (telephone)
(504) 324-0640 (fax)
Justin@ChopinLawFirm.com

and

MANSFIELD MELANCON
 CRANMER & DICK LLC

Collin Melancon, #36582
Scott Mansfield, #36563
318 Harrison Ave., Suite 107
New Orleans LA 70124
(504) 500-1108  (telephone)
(504) 208-3427  (fax)
Collin@MansfieldMelancon.com
Scott@MansfieldMelancon.com

Kelley R. Dick, Jr., #36434
Brad W. Cranmer, #36424
2133 Silverside Drive, Suite B
Baton Rouge, LA 70808
(225) 612-0800  (telephone)
(504)208-3427  (fax)
Kelley@MansfieldMelancon.Com
Brad@MansfieldMelancon.Com

*Attorneys for Plaintiff and the Members of the Collective*